IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rick M Heidelbach,<br><br>        Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>        Respondents. | No. CV-16-00660-TUC-EJM<br><br>**ORDER** |

      Petitioner Rick M. Heidelbach filed a pro se petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his convictions for armed robbery and aggravated assault. (Doc. 1). Petitioner raises five grounds for relief: 1) change in sentencing law; 2) ineffective assistance of counsel ("IAC"); 3) illegal sentence; 4) illegal plea agreement; and 5) errors in his successive post-conviction relief ("PCR") proceedings.[1] Respondents filed an Answer contending that all of Petitioner's claims are procedurally defaulted without excuse and that Petitioner has failed to show cause and prejudice for the procedural default or that a fundamental miscarriage of justice has occurred. (Doc. 9). Respondents further allege that some of Petitioner's claims are waived by his guilty plea, some claims are not cognizable on habeas review, and some claims are plainly meritless.

      The Court finds that Petitioner's claims in Grounds One through Four are

---

[1] Each of these grounds for relief contains several sub-claims, discussed in further detail below.

procedurally defaulted and barred from this Court's review. The Court further finds that Petitioner does not demonstrate cause and prejudice or a fundamental miscarriage of justice to excuse the procedural default of his claims. The Court also finds that Ground Five is not cognizable on habeas review. Accordingly, the Petition will be denied.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Plea and Sentencing

On April 5, 2013 Petitioner pled guilty to two counts of armed robbery, five counts of aggravated assault, and one count of attempted armed robbery. (Doc. 11 Exs. A & B). Petitioner was sentenced to a combination of concurrent and consecutive prison terms totaling 34 years. (Ex. C).

### B. Post-Conviction Relief Proceedings[2]

#### i. First PCR Petition

On June 4, 2013, Petitioner initiated proceedings in Pima County Superior Court for Rule 32 post-conviction relief. (Ex. D). Appointed counsel filed a notice stating that she was unable to find any legal issues of merit. (Ex. E). On March 26, 2014 Petitioner filed a pro se petition presenting 34 issues for review, which the court summarized as six main arguments. (Ex. F). The trial court denied PCR on August 1, 2014. (Ex. I). Petitioner filed a petition for review with the Arizona Court of Appeals, and on January 22, 2015 the COA granted review but denied relief. (Exs. J & K). Petitioner did not file a petition for review in the Arizona Supreme Court.

#### ii. Second and Third PCR Petitions

On March 3, 2015 Petitioner filed a second notice of PCR in Pima County Superior Court. (Ex. L). Appointed counsel filed a notice stating that she could find no issues for review and requested that the court search the record for fundamental error.

---

[2] Because Petitioner pled guilty, he could not file a direct appeal and could only challenge his conviction and sentence through a Rule 32 petition. *See* A.R.S. § 13-4033(B) ("In noncapital cases a defendant may not appeal from a judgment or sentence that is entered pursuant to a plea agreement or an admission to a probation violation."); Ariz. R. Crim. P. 32.1 ("Any person who pled guilty or no contest, admitted a probation violation, or whose probation was automatically violated based upon a plea of guilty or no contest shall have the right to file a post-conviction relief proceeding, and this proceeding shall be known as a Rule 32 of-right proceeding.").

(Ex. M).

On September 1, 2015 Petitioner filed a third notice of PCR and a pro se petition. (Exs. N & O). The trial court stated that it would treat the petition as Petitioner's pro se memorandum in support of his second notice of PCR, and that it would treat the third notice as a request that new counsel be appointed to pursue a third claim for PCR. (Ex. P). On September 23, 2015 the trial court entered its order dismissing Petitioner's third notice of PCR and denying the request for counsel, and denying the second PCR petition (Ex. P). The court noted that there were no factual or legal grounds presented in the second petition that would warrant relief under Rule 32, and that no purpose would be served by any further proceedings.

Petitioner filed a petition for review with the Arizona COA on October 7, 2015, which granted review and denied relief on February 11, 2016. (Exs. Q & R). Petitioner then filed a petition for review with the Arizona Supreme Court on March 23, 2016, which the court denied on August 3, 2016. (Exs. S & T).

**C. Habeas Petition**

Petitioner filed his PWHC in this Court on October 4, 2016, asserting five grounds for relief. (Doc. 1). Petitioner requests that the Court hold an evidentiary hearing and vacate his sentence. Petitioner also filed several addendums to his petition, requesting that the Court order the trial court to either resentence Petitioner to 12 years imprisonment or run his sentences concurrently, or dismiss his criminal conviction. (Docs. 18, 22, & 24).

**II. STANDARD OF REVIEW**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the federal court's power to grant a petition for a writ of habeas corpus on behalf of a state prisoner. First, the federal court may only consider petitions alleging that a person is in state custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Sections 2254(b) and (c) provide that the federal courts may not grant habeas corpus relief, with some exceptions, unless the petitioner exhausted state

remedies. Additionally, if the petition includes a claim that was adjudicated on the merits in state court proceedings, federal court review is limited by section 2254(d).

**A. Exhaustion**

A state prisoner must exhaust his state remedies before petitioning for a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b)(1) & (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To exhaust state remedies, a petitioner must afford the state courts the opportunity to rule upon the merits of his federal claims by fairly presenting them to the state's highest court in a procedurally appropriate manner. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("To provide the State with the necessary opportunity, the prisoner must fairly present her claim in each appropriate state court . . . thereby alerting the court to the federal nature of the claim."). In Arizona, unless a prisoner has been sentenced to death, the highest court requirement is satisfied if the petitioner has presented his federal claim to the Arizona COA, either through the direct appeal process or post-conviction proceedings. *Crowell v. Knowles*, 483 F.Supp.2d 925, 931–33 (D. Ariz. 2007).

A claim is fairly presented if the petitioner describes both the operative facts and the federal legal theory upon which the claim is based. *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003), *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007). The petitioner must have "characterized the claims he raised in state proceedings *specifically* as federal claims." *Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir. 2000) (emphasis in original), *opinion amended and superseded*, 247 F.3d 904 (9th Cir. 2001). "If a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court." *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996). "Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999).

However, "[a] habeas petitioner who [fails to properly exhaust] his federal claims in state court meets the technical requirements for exhaustion" if there are no state

remedies still available to the petitioner. *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). "This is often referred to as 'technical' exhaustion because although the claim was not actually exhausted in state court, the petitioner no longer has an available state remedy." *Thomas v. Schriro*, 2009 WL 775417, \*4 (D. Ariz. March 23, 2009). "If no state remedies are currently available, a claim is technically exhausted," but, as discussed below, the claim is procedurally defaulted and is only subject to federal habeas review in a narrow set of circumstances. *Garcia v. Ryan*, 2013 WL 4714370, \*8 (D. Ariz. Aug. 29, 2013).

**B. Procedural Default**

If a petitioner fails to fairly present his claim to the state courts in a procedurally appropriate manner, the claim is procedurally defaulted and generally barred from federal habeas review. *Ylst v. Nunnemaker*, 501 U.S. 797, 802–05 (1991). There are two categories of procedural default. First, a claim may be procedurally defaulted in federal court if it was actually raised in state court but found by that court to be defaulted on state procedural grounds. *Coleman*, 501 U.S. at 729–30. Second, the claim may be procedurally defaulted if the petitioner failed to present the claim in a necessary state court and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id.* at 735 n.1; *O'Sullivan*, 526 U.S. at 848 (when time for filing state court petition has expired, petitioner's failure to timely present claims to state court results in a procedural default of those claims); *Smith v. Baldwin*, 510 F.3d 1127, 1138 (9th Cir. 2007) (failure to exhaust claims in state court resulted in procedural default of claims for federal habeas purposes when state's rules for filing petition for post-conviction relief barred petitioner from returning to state court to exhaust his claims).

When a petitioner has procedurally defaulted his claims, federal habeas review occurs only in limited circumstances. "A state prisoner may overcome the prohibition on reviewing procedurally defaulted claims if he can show cause to excuse his failure to comply with the state procedural rule and actual prejudice resulting from the alleged

constitutional violation." *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017) (internal quotations and citation omitted); *Martinez v. Ryan*, 132 S. Ct. 1309, 1316 (2012) ("A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law."). Cause requires a showing "that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule . . . [such as] a showing that the factual or legal basis for a claim was not reasonably available to counsel, . . . or that some interference by officials made compliance impracticable." *Murray v. Carrier*, 477 U.S. 478, 488 (1986) (internal quotations and citations omitted). Prejudice requires "showing, not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982).

The Court need not examine the existence of prejudice if the petitioner fails to establish cause. *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Thomas v. Lewis*, 945 F.2d 1119, 1123 n.10 (9th Cir. 1991). Additionally, a habeas petitioner "may also qualify for relief from his procedural default if he can show that the procedural default would result in a 'fundamental miscarriage of justice.'" *Cook v. Schriro*, 538 F.3d 1000, 1028 (9th Cir. 2008) (quoting *Schlup v. Delo*, 513 U.S. 298, 321 (1995)). This exception to the procedural default rule is limited to habeas petitioners who can establish that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup*, 513 U.S. at 327; *see also Murray*, 477 U.S. at 496; *Cook*, 538 F.3d at 1028.

**C. Adjudication on the Merits and § 2254(d)**

The Ninth Circuit has held that "a state has 'adjudicated' a petitioner's constitutional claim 'on the merits' for purposes of § 2254(d) when it has decided the petitioner's right to post-conviction relief on the basis of the substance of the constitutional claim advanced, rather than denying the claim on the basis of a procedural or other rule precluding state court review of the merits." *Lambert v. Blodgett*, 393 F.3d

943, 969 (9th Cir. 2004).

If a habeas petition includes a claim that was properly exhausted, has not been procedurally defaulted, and was "adjudicated on the merits in State court proceedings," federal court review is limited by § 2254(d). Under § 2254(d)(1), a federal court cannot grant habeas relief unless the petitioner shows: (1) that the state court's decision was contrary to federal law as clearly established in the holdings of the United States Supreme Court at the time of the state court decision, *Greene v. Fisher*, 565 U.S. 34, 38 (2011); (2) that it "involved an unreasonable application of" such law, § 2254(d)(1); or (3) that it "was based on an unreasonable determination of the facts" in light of the record before the state court, 28 U.S.C. § 2254(d)(2); *Harrington v. Richter*, 562 U.S. 86 (2011). This standard is "difficult to meet." *Richter*, 562 U.S. at 102. It is also a "highly deferential standard for evaluating state court rulings . . . which demands that state court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (internal quotations and citation omitted).

### III. ANALYSIS

Petitioner alleges five grounds for relief, as well as several sub-claims within each of those grounds. However, none of Petitioner's claims in Grounds One through Four were presented to the state courts in a procedurally appropriate manner. Further, Ground Five is not cognizable on federal habeas review. Accordingly, for the reasons explained below, relief on the merits of Petitioner's habeas claims is precluded.

**A. Ground One**

In Ground One, Petitioner alleges that *Alleyne v. United States*, 133 S. Ct. 2151 (2013) effected a change in sentencing law that applies retroactively to Petitioner's conviction. Petitioner raised this claim in his third PCR petition (Ex. O), stating he had just learned of a new Supreme Court case, *Alleyne*, and that pursuant to *Alleyne* and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), he must be resentenced.

In denying the PCR petition, the trial court noted that *Alleyne* and *Apprendi* did not stand for the proposition that Petitioner urged, and that both cases

> significantly predate the Defendant's plea, sentencing and review of the proceedings by counsel on his first [petition for PCR]. Had an issue existed, it should have and would have been addressed by post conviction counsel. There has been no significant change in the law since Defendant's plea and sentencing and he is therefore not entitled to relief on that ground.

(Ex. P at 2).

In his petition for review to the Arizona COA, Petitioner alleged that his constitutional right to a legal sentence was violated and that the trial court erred by refusing to consider the change in sentencing law. (Ex. Q). Petitioner also stated that the petition accompanying his third notice of PCR was intended to be his third PCR petition, not his second petition.

The COA granted review but denied relief, holding that the trial court did not err in summarily dismissing Petitioner's third notice of PCR or his PCR petition, regardless of whether it was to be a second or third petition. (Ex. R at 3). The court noted that in a successive Rule 32 petition, a defendant is only permitted to raise claims arising under Rule 32.1(d)–(h). (Ex. R at 3). However, while a claim that there has been a change in the law may be raised in an untimely proceeding pursuant to Rule 32.1(g), Petitioner was required to provide meritorious reasons substantiating his claim and explaining why the claim was not raised previously. (Ex. R at 4). Petitioner failed to identify any new evidence and thus failed to comply with Rule 32.2(b). *See High v. Ignacio*, 408 F.3d 585, 590 (9th Cir. 2005) (where state form instructs petitioner to relate facts demonstrating good cause for delay in timely filing petition, and state court denies petition as untimely, federal court will accept state court's finding that there was not good cause for the delay and bar relief). The court further found that Petitioner initiated his third PCR proceeding before the time to file a pro se petition in his second proceeding had expired, and had not explained his failure to raise a claim based on Rule 32.1(g) in his second proceeding, despite having the opportunity to do so. (Ex. R. at 4).

Thus, while the trial court denied this claim on the merits, the last reasoned state court decision is the COA decision, and that court applied a procedural bar. *See* Rule

32.2(b) ("A claim under Rule 32.1(d) through (h) that defendant raises in a successive or untimely post-conviction notice must include the specific exception to preclusion and explain the reasons for not raising the claim in a previous notice or petition, or for not raising the claim in a timely manner. If the notice does not identify a specific exception or provide reasons why defendant did not raise the claim in a previous petition or in a timely manner, the court may summarily dismiss the notice.").

**B. Ground Two**

In Ground Two, Petitioner alleges that: a) his trial counsel was ineffective for failing to request a Rule 11 mental competency evaluation; b) trial counsel did not argue for the sentence that Petitioner had allegedly been promised; and c) Petitioner's first post-conviction counsel was ineffective.

Petitioner first raised his claims in Ground 2(a) and 2(b) in his third PCR petition. (Ex. O). Although the trial court did not cite a specific rule, it applied an express procedural bar by noting that Petitioner's IAC claims should have been brought in his first PCR petition. (Ex. P at 2); *see* Ariz. R. Crim. P. 32.2(a). In his petition for review to the Arizona COA, Petitioner only stated generally that he was entitled to competent counsel and that he had not had effective assistance at any stage of the proceedings. (Ex. Q). Thus, Petitioner did not fairly present his claims in Ground 2(a) and 2(b) to the COA and they are unexhausted and procedurally defaulted. Further, even if Petitioner had fairly presented these claims, the COA applied an express procedural bar. *See* Ex. R at 4 (noting that Petitioner was not permitted to raise his ineffective assistance of trial counsel claim in his third PCR petition because the claim did not fall under Rule 32.1(d)–(h)).

Petitioner first raised Ground 2(c) in his third PCR petition, stating that appointed PCR counsel did not brief any issues and Petitioner was mentally unable to file his own petition. (Ex. O). The trial court denied relief on the merits, finding that Petitioner's claims that his first and second PCR counsel were ineffective lacked factual and legal support. (Ex. P at 2). The court found that Petitioner had failed to present a colorable claim for deficient performance or prejudice, and noted that the record had been twice

reviewed by competent counsel and the court and that no issue of law or fact could be identified that would warrant relief under Rule 32. *Id.* On review, the COA noted that while a petitioner may properly raise a claim of ineffective assistance of PCR counsel in a successive Rule 32 petition, the time for Petitioner to do so was in his timely initiated second PCR proceeding. (Ex. R at 3). The court found that Petitioner could not bring the claim in his third proceeding because the third PCR notice was untimely filed. *Id.* at 3–4. Thus, the COA applied an express procedural bar.

### C. Ground Three

In Ground Three, Petitioner alleges that his sentence is illegal because: a) the trial court imposed different sentences for the same crime; b) he was not given notice of the potential for enhancement; and c) no sentencing statutes were used.

Petitioner presented his claims in Ground Three in his third PCR petition. (Ex. O). The trial court denied the third PCR petition without mentioning these claims, and stated that there did not appear to be any factual or legal grounds presented in the petition that would warrant relief under Rule 32. (Ex. P). In his petition for review to the AZ COA, Petitioner only generally asked whether his constitutional right to a legal sentence was violated, and therefore failed to fairly present these claims to the COA. Further, even if Petitioner had fairly presented his claims in Ground Three to the COA, the COA applied an express procedural bar, finding that Petitioner was not permitted to raise his sentencing claim in his third PCR petition because the claim did not fall under Rule 32.1(d)–(h). (Ex. R at 4).

### D. Ground Four

In Ground Four Petitioner argues that his plea agreement was illegal because: a) no sentencing statutes were used, therefore Petitioner's acceptance of the plea was unknowing and involuntary because he didn't know what punishment he could receive; b) Petitioner could not say that he was satisfied with his attorney because there was no way for Petitioner to know that until after he was sentenced; c) Petitioner signed away his right to a jury; d) Petitioner should have been mentally evaluated before signing the plea

and was on medication at the time; and e) the judge breached the plea Petitioner was coerced into signing by sentencing Petitioner to 34 years instead of the 12 years he was promised.

To the extent Petitioner raised any claims in Ground Four in his first PCR petition, the state courts applied an express procedural bar. In denying the first PCR petition, the trial court noted that the petition merely set forth the facts of Petitioner's case and failed to set forth arguments grounded in law or statute; Petitioner's essential argument was that he believed his sentence was unfair, but that was not a ground for PCR. (Ex. I at 3). The court further stated that Petitioner's plea was lawful and he was not entitled to relief pursuant to Rule 32.1(a)-(d), (f), or (g), and that summary dismissal was appropriate pursuant to Rule 32.6. Petitioner failed to raise any of his plea agreement claims to the COA on review, and the COA noted it would not address them, citing Rule 32.9(c)(1).[3] (Ex. K at 3 n.1). Therefore, the claims are technically exhausted and procedurally defaulted, because the COA applied an express procedural bar.

In his third PCR petition, Petitioner alleged that his plea was illegal because it did not contain any sentencing statutes (Ground 4(a)), because Petitioner could not know whether he was satisfied with his attorney until after he was sentenced (Ground 4(b)), and because he was taking medication at the time (Ground 4(d)). (Ex. O). The trial court denied the petition without specifically mentioning any of Petitioner's illegal plea claims, but noted that there did not appear to be any factual or legal grounds presented in the petition that would warrant relief under Rule 32 and that no purpose would be served by

---

[3] The court's citation references a prior version of Rule 32.9. The current applicable section is Rule 32.9(c)(4)(B), which provides that a petition for review must contain:

> ii) a statement of issues the trial court decided that the defendant is presenting for appellate review;
>
> (iii) a statement of material facts concerning the issues presented for review, including specific references to the record for each material fact; and
>
> (iv) reasons why the appellate court should grant the petition, including citations to supporting legal authority, if known.

any further proceedings. (Ex. P at 3). Petitioner failed to present any of his claims in Ground Four to the COA in his petition for review, thus making them technically exhausted and procedurally defaulted. (Ex. Q). However, even if Petitioner had fairly presented his claims in Ground Four to the COA, the COA applied an express procedural bar, finding that Petitioner was not permitted to raise his claim that his plea was unlawful in a successive petition because the claim did not fall under Rule 32.1(d)–(h). (Ex. R at 4).

**E. Ground Five**

In Ground Five Petitioner argues that the trial court erred by rejecting his second/third PCR petition as untimely and successive.

As explained above, the trial court stated that it would treat the third PCR petition as Petitioner's pro se memorandum in support of his second notice of PCR, and that it would treat the third PCR notice as a request that new counsel be appointed to pursue a third claim for PCR. (Ex. P). The court dismissed the third notice and denied the second petition, stating that there were no factual or legal grounds presented in the second petition that would warrant relief under Rule 32, and that no purpose would be served by any further proceedings. On review, the COA found that summary dismissal was appropriate regardless of whether the petition was Petitioner's second or third PCR petition. (Ex. R). The court further noted that Petitioner's third notice of PCR was not timely filed.

The Court finds that Petitioner's claim in Ground Five is not cognizable on federal habeas review. *See Engle v. Isaac*, 456 U.S. 107, 120 n.19 (1982) (when a petitioner fails to allege deprivation of a federal right, it is unnecessary to determine whether the claim is properly exhausted). Habeas relief is only available on the grounds that a petitioner is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). Habeas is not the remedy for every legal error, nor is it a forum for petitioners to argue alleged errors in the state PCR process. *See Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989) ("a petition alleging errors in the state post-conviction review process is not

addressable through habeas corpus proceedings"); *see also Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (explaining that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). In Ground Five, Petitioner complains that his PCR proceedings were improperly dismissed by the state courts. This is not an argument that Petitioner's custody is in violation of federal law and as such is not cognizable on habeas review.

### F. Effect of Procedural Bar

Claims not previously presented to the state courts on either direct appeal or collateral review are generally barred from federal review because any attempt to return to state court to present them would be futile unless the claims fit into a narrow range of exceptions. *See* Ariz. R. Crim. P. 32.1(d)-(h), 32.2(a) (precluding claims not raised on direct appeal or in prior post-conviction relief petitions), 32.4(a) (time bar), 32.9(c) (petition for review must be filed within thirty days of trial court's decision). Because these rules have been found to be consistently and regularly followed, and because they are independent of federal law, either their specific application to a claim by an Arizona court, or their operation to preclude a return to state court to exhaust a claim, will procedurally bar subsequent review of the merits of such a claim by a federal habeas court. *Stewart v. Smith*, 536 U.S. 856, 860 (2002); *Ortiz v. Stewart*, 149 F.3d 923, 931–32 (9th Cir. 1998) (Rule 32 is strictly followed); *State v. Mata*, 916 P.2d 1035, 1050–52 (Ariz. 1996) (waiver and preclusion rules strictly applied in post-conviction proceedings).

Arizona Rules of Criminal Procedure regarding timeliness and preclusion prevent Petitioner from now exhausting his claims in Grounds One, Two, Three, and Four in state court. Accordingly, the claims are both technically exhausted and procedurally defaulted and thus not properly before this Court for review. *See Crowell*, 483 F.Supp.2d at 931–33; *Coleman*, 501 U.S. at 732, 735 n.1; *Garcia*, 2013 WL 4714370 at * 8.

### G. Cause and Prejudice

A federal court may not consider the merits of a procedurally defaulted claim unless the petitioner can demonstrate cause for his noncompliance and actual prejudice,

or establish that a miscarriage of justice would result from the lack of review. *See Schlup v. Delo*, 513 U.S. 298, 321 (1995).

In his Traverse, Petitioner argues that his mental illness should excuse any defect in his prior proceedings and the procedural default of his habeas claims. (Doc. 16). Petitioner states that the cause for his procedural default is his mental illness and the trial judge's bias against him, that the prejudice is his illegal sentence and the denial of appointed counsel, and that the harm is that his sentence is in effect a "death" sentence based on the length of the prison term and Petitioner's age and medical conditions.

Petitioner's ability to consistently prepare and file pleadings in this matter and cite case law and holdings in support of his arguments belies his contention that he is unable to understand the legal process because of his mental illness. While the record indicates that Petitioner does have various medical conditions, and the Court has no doubt that Petitioner regrets the actions that led to his incarceration, habeas relief is not available to vacate or correct a sentence merely because a petitioner is remorseful and suffers from medical issues, nor do these factors excuse the procedural default of Petitioner's claims. *See Schneider v. McDaniel*, 674 F.3d 1144, 1153–55 (9th Cir. 2012), *cert. denied*, 133 S. Ct. 579 (2012) ("a pro se petitioner's mental condition cannot serve as cause for a procedural default, at least when the petitioner on his own or with assistance remains 'able to apply for post-conviction relief to a state court.'").

Further, while Petitioner admits that his second PCR petition[4] was not timely, he argues that the petition should have been allowed based on the change in sentencing law effected by *Alleyne*. Petitioner's change in sentencing law argument has been repeatedly rejected by the state courts, and as the trial court pointed out, *Alleyne* was decided before Petitioner's plea and sentencing, does not affect Petitioner's sentence, and is not retroactive to Petitioner's case.

Both cause and prejudice must be shown to excuse a procedural default, but the

---

[4] The trial court did not find that the second petition was untimely; however, the COA found that Petitioner's third notice of PCR was untimely, which, if the successive petition is considered to be Petitioner's third petition, would also make the petition untimely.

- 14 -

Court is not required to examine the existence of prejudice if the petitioner fails to establish cause. *Engle v. Issac*, 456 U.S. 107, 134 n.43 (1982); *Thomas v. Lewis*, 945 F.2d 1119, 1123 n.10 (9th Cir. 1991). Here, Petitioner has failed to show cause for, or prejudice arising from, the procedural default of his claims, and the Court can glean none from the record before it. *See Martinez*, 132 S. Ct. at 1316; *Murray*, 477 U.S. at 488. Accordingly, the Court need not examine the merits of Petitioner's claims or the purported prejudice.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. § 2254 is denied and that this action is dismissed with prejudice. The Clerk shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that no certificate of appealability shall be issued and that Petitioner is not entitled to appeal in forma pauperis because dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable.

**IT IS FURTHER ORDERED** denying Petitioner's motion for status update as moot. (Doc. 28).

Dated this 11th day of April, 2019.

_____
Eric J. Markovich
United States Magistrate Judge